UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD GOLDBERG, | ) | CASE NO. 4:03 CV 2190 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| HONORABLE TIMOTHY P. | ) | |
| MALONEY, Judge, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

      This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp. (ECF #92). The Respondents timely filed objections to the Magistrate's Report and Recommendation. (ECF # 93). The Court has fully reviewed the Report and Recommendation, the objections and responses filed by the parties, and all of the applicable law. The Court finds that the objections raised by the Defendant have merit, and, therefore, declines to adopt the recommendation of the Magistrate Judge.

**PROCEDURAL HISTORY**

Petitioner, Mr. Goldberg was a medical malpractice attorney who pled guilty to seven counts of mail fraud and one count of bank fraud involving the misappropriation of funds in four separate probate actions (three of which are the subject of the current proceedings). In 1999, complaints were filed in the Mahoning County Probate Court alleging that Mr. Goldberg had concealed and/or misappropriated assets and retained unearned fees in the cases of: (1) the *Estate of Ellen Rose Mercurio*; (2) the *Estate of Towanna Williams*; and, (3) the *Estate of William R. Hunter*. As a consequence of these charges, Mr. Goldberg was ordered by the Respondent, Probate Judge Timothy P. Maloney, to pay $150,000 to the Counsel for the Mercurio Estate; to pay $224,854.20 to the Estate and family of Towanna Williams; and, to disgorge and repay $750,158.34 (including his attorney fees) to a variety of people in connection with the *Hunter* estate.[1]

In January of 2000, Judge Maloney issued Notices of Hearing and Order to Appear and Show Cause in each of these three actions, and served them via personal service, through the Court's Investigator to Mr. Goldberg. On May 3, 2000, Judge Maloney held Mr. Goldberg in direct contempt for failure to comply with his Orders. The Court also cited Mr. Goldberg's attempt to suborn perjury through witness testimony in each of these cases as additional grounds for its Contempt Order. Mr. Goldberg was sentenced to 180 days of imprisonment for the contempt in each of these three cases, with each sentence to be served consecutively. The Judgment and sentences were affirmed by the Ohio Court of Appeals, Seventh Appellate District. The Ohio

---

[1] Mr. Goldberg also was held in contempt for failure to perform in accordance with the Court's Orders in the *Estate of Richard C. Lanning, Jr.*. The Sixth Circuit Court of Appeals upheld the contempt sentence related to the *Lanning Estate*. Therefore, this Court need not address any issues related to that action on remand.

Supreme Court declined further review in July of 2003.

Mr. Goldberg filed his original habeas corpus petition under 28 U.S.C. § 2241 in October of 2003, and he amended his petition in December of 2003.  (ECF #1, 13).   The Amended Petition raised four claims for relief: it did not include a claim for ineffective assistance of counsel.  The District Court vacated Mr. Goldberg's sentences, finding that he had not received sufficient notice of all the charges cited by the Court in its Contempt Order.[2]   Judge Maloney appealed the judgment, arguing that Mr. Goldberg's claims regarding lack of notice were procedurally defaulted because he did not raise the issue in the Mahoning County Probate Court or in the Ohio Court of Appeals.   The Sixth Circuit agreed that the claims were procedurally defaulted, but also held that a showing of "cause and prejudice" could excuse the default.  *See Murray v. Carrier*, 477 U.S. 478, 492 (1986).  Because the District Court had not considered whether Mr. Goldberg had established cause and prejudice sufficient to excuse the procedural default of his lack-of-notice claim, the Sixth Circuit remanded the case for a determination on this issue.

## ANALYSIS

A claim that has been procedurally defaulted, may be revived if the petitioner can demonstrate an excusable cause for not following the procedural rule, and can demonstrate prejudice from the alleged constitutional error.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  To demonstrate an excusable cause, the petitioner must prove that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman v.*

---

[2] The Court found that the other three grounds set forth in Mr. Goldberg's petition were not meritorious.  This finding was not disturbed by the Sixth Circuit Court of Appeals.

*Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 2566 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 492 (1986).  To demonstrate prejudice, a petitioner must show that the errors at trial "worked to the actual and substantial disadvantage [of Petitioner], infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady,* 456 U.S. 152, 168, 102 S. Ct. 1584 (1982).   In other words, prejudice exists where, but for the error, the petitioner might not have been convicted, or the errors undermined the accuracy of guilt.  *Reed v. Ross*, 468 U.S. 1, 104  S. Ct.  2901 (1984); *Smith v. Murray*, 477 U.S. 527, 538-539, 106 S. Ct. 2661, 2668 (1986).

Mr. Goldberg argues that the failure to raise the lack-of-notice claim was caused by ineffective assistance of trial and appellate counsel.  He also claims that because he did not receive notice of all of conduct upon which his contempt charge was based, he was ipso facto prejudiced by the underlying proceedings, because "[t]he deficient notice precluded [him] from adequately preparing to defend the allegations, to rebut evidence, to present evidence and provide testimony."

The Respondent, in turn, argues that Mr. Goldberg cannot establish "cause" based on a claim of ineffective assistance of counsel, because that claim is in and of itself procedurally defaulted, and/or because he waived any contention of ineffective assistance of counsel by failing to assert it as an independent claim in his Amended Petition for habeas relief.  Further, the Respondent contends that Mr. Goldberg has not established and cannot establish actual prejudice, because there is no evidence whatsoever that would indicate he would have received a different sentence had he been fully and properly notified of all of the grounds cited in the Probate Court's contempt order.

A. Cause

Assuming that ineffective assistance of counsel is sufficient to establish cause for failing to timely raise an objection to a lack-of-notice claim,[3] the claim of ineffective assistance of counsel, must, itself, be properly raised as an independent claim in the state court before it can be used to establish cause for a procedural default. *Dietz v. Money*, 391 F.3d 804, 809 (6th Cir. 2004)(citing *Edwards v. Carpenter*, 529 U.S. 446, 452, 120 S. Ct. 1587 (2000)). If an ineffective assistance of counsel claim is itself defaulted, it cannot serve as the basis to establish cause for a separate procedural default.[4] *See, Edwards v. Carpenter,* 529 U.S. at 453.

In this case, Mr. Goldberg's claim for ineffective assistance of counsel was not properly raised and subjected to a review on the merits in state court.[5] Therefore, it is procedurally defaulted and cannot form the basis of excusable cause for the procedural default on his lack-of-notice claim.

---

[3] Looking to the basic definition of excusable cause set forth by the United States Supreme Court, it is not at all clear that the failure of appellate counsel to raise an alleged error on appeal constitutes an "objective factor external to the defense...." In *Murray v. Carrier*, the Court suggested that an error rising to the level of ineffective assistance of counsel may be sufficient, but that generally, cause for a procedural default on appeal requires " showing of some external impediment preventing counsel from constructing or raising the claim." 477 U.S. 478, 492, 106 S. Ct. At 2647 (1986). Mr. Goldberg has not alleged the existence of any external impediment that prevented his appellate counsel from timely raising the lack-of-notice claim.

[4] This is true unless the procedural default for the ineffective assistance of counsel claim is excused by satisfying its own cause-and-prejudice standard.

[5] "Fair presentation of an issue requires that a petitioner give state courts a full opportunity to resolve any constitutional issues by invoking 'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2004).

Mr. Goldberg did not raise a claim for ineffective assistance of counsel in his direct appeal,[6] and did not apply to re-open his appeal to raise the claim pursuant to Ohio App. R. 26(B) once he became aware of the claim's existence.  He did raise the issue in a petition for discretionary appeal to the Ohio Supreme Court.  The Ohio Supreme Court, however, declined review, and did not address the claim on its merits.

Through its adoption of Ohio App. Rule 26(B) in 1993, the Ohio Supreme Court established that the Ohio appellate courts are the proper venue for raising delayed claims of ineffective assistance of counsel.  *Ohio v. Davis*, 119 Ohio St. 3d 422, 425 (2008).   "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.  An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Ohio App. R. 25(B)(1).  "The provisions of App. R. 26(B) were specifically designed to provide for a specialized type of postconviction process.  The rule was designed to offer defendants a separate collateral opportunity to raise ineffective-appellate-counsel claims beyond the opportunities that exist through traditional motions for reconsideration and discretionary appeals to [the Ohio Supreme Court] or the Supreme Court of the United States." *Morgan v. Eads*, 104 Ohio St. 3d 142, 2004 Ohio 6110, 818 N.E. 2d 1157, P8.

Further, the Ohio Supreme Court has held that the denial of a discretionary appeal to the Ohio Supreme Court is not an adjudication on the merits with respect to a claim for ineffective

---

[6] This failure is excusable under Ohio law because Mr. Goldberg's trial counsel was also his counsel on direct appeal.

assistance of appellate counsel, when it comes before the appellate court has had an opportunity to address the claim. *See Davis*, 119 Ohio St. 3d. at 426-28 (citing S.Ct.R. Rep.Op. 8(B); Ohio App. R. 26(B))(holding that the court of appeals has a duty to make the preliminary determination as to whether the defendant alleged a genuine issue of ineffective assistance of appellate counsel. "This court's decision not to hear [a] discretionary appeal had no effect on that duty."). That Court has also specifically held that the denial of discretionary appeal raising the issue of ineffective assistance of appellate counsel does not preclude the defendant from seeking appellate review under Ohio App. R. 26(B). *Davis*, 119 Ohio St. 3d at 427 (citing S.Ct.Prac.R. II(2)(D)(1). Therefore, raising a claim for ineffective assistance of appellate counsel in a discretionary appeal to the Ohio Supreme Court, without addressing the claim through Ohio App. R. 26(B) does not satisfy the requirement to exhaust state appellate remedies before filing a habeas petition in federal court. See, *Landrum v. Mitchell*, 625 F.3d 905, 916 (6th Cir. 2010)(holding that "[i]n Ohio, defendants claiming ineffective assistance of appellate counsel must apply to the Ohio Court of Appeals for reopening of the direct appeal); *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002).

It also appears that if Mr. Goldberg were to seek a re-opening of his direct appeal at this stage of the proceedings, such an application would no doubt be denied as untimely, and his ineffective assistance of counsel claim would, therefore, be procedurally defaulted. Ohio App. R. 26(B) requires that an application be made within 90 days of the journalization of the appellate judgment unless the defendant can demonstrate good cause for the delay. The Ohio Court of Appeals issued its judgment in this case on March 13, 2003. Further, Mr. Goldberg has known since at least late 2003, when he raised the issue in a petition for discretionary appeal with the Ohio Supreme Court, that he had a potential claim for ineffective assistance of trial and appellate

counsel.  The existence of Ohio App. R. 26(B), and its requirements has also been the subject of multiple briefs throughout the more than seven years duration of this litigation.  It is difficult to imagine any good cause that could justify Mr. Goldberg's failure to file an application for re-opening under Ohio App. R. 26(B) for more than seven years after he became aware of the claim's existence.   Mr. Goldberg has offered no explanation for his failure to file a claim for ineffective assistance of appellate counsel under Ohio App. R. 26(B).[7]  He has not argued, let alone demonstrated, any cause and prejudice that would excuse him from the procedural requirements set forth in the Ohio App. R. 26(B).   Therefore, even if Mr. Goldberg were to attempt to go back and satisfy the exhaustion requirement by filing an untimely application for reopening under Ohio App. R. 26(B), there is no doubt that request would be denied as untimely, and his claim would consequently be procedurally defaulted under federal law.  Whether it is barred for failure to exhaust state remedies, or viewed as procedurally defaulted, Mr. Goldberg's claim of ineffective assistance of counsel cannot form the basis for "cause"  excusing the procedural default on his lack-of-notice claim.

      Mr. Goldberg asserts that this Court is barred from considering whether his ineffective assistance of appellate counsel claim is procedurally barred because the District Court that previously heard this issue determined the issue was properly raised in the Ohio Supreme Court and the Court of Appeals did not overturn this holding.   However, because Mr. Goldberg did not raise a claim for ineffective assistance of counsel in his Amended Petition, the issue of whether such a claim was procedurally deficient was not directly before the District Court when it issued its

---

[7] Under the terms of the rule, a filing would have been timely if it was made within 90 days of the journalization of the appellate decision, or later upon a showing of good cause for the delay in filing.

original order. The Court did discuss the issue as a corollary to its finding that Mr. Goldberg's lack-of-notice claim was not procedurally defaulted. However, because it found that the lack-of-notice claim was not procedurally defaulted, any discussion relating to the ineffective assistance of counsel issue was superfluous and amounted to no more than non-binding dicta.

The Sixth Circuit Court of Appeals disagreed with the District Court's actual finding, holding that the claim was procedurally defaulted and remanded the case to this Court for full consideration of whether the procedural default was excused by "cause and prejudice." It noted the District Court's statements with regard to the ineffective assistance of counsel issue but did not make any determination as to the merits of the Court's opinion concerning the procedurally adequacy of any ineffective assistance of counsel claim. The determination of whether Mr. Goldberg's claim for ineffective assistance of counsel was itself procedurally defaulted is central to the determination of whether cause and prejudice excused the procedural default on his lack-of-notice claim, and falls squarely within the scope of the question remanded to this Court by the Sixth Circuit Court of Appeals.[8]

For the reasons discussed above, Mr. Goldberg's claim of ineffective assistance of counsel cannot be used to demonstrate cause for his failure to timely raise the issue of lack-of-notice. As he has offered no other reason for his failure to timely raise the issue, he cannot demonstrate cause for

---

[8] Further, the District Court's statements concerning the procedural adequacy of Mr. Goldberg's claim for ineffective assistance of counsel were based mainly on an unreported Ohio Court of Appeals decision that was itself based on outdated law. The Court's order mistakenly cited the opinion as an Ohio Supreme Court decision. The Ohio Supreme Court, however, has repeatedly stated that the reasoning set forth in that opinion has been superceded by Ohio App. R. 26(B), and the Sixth Circuit has repeatedly cited and relied on those Ohio Supreme Court cases. The statement made in the Court's prior order does not comport with the current state of the law in Ohio.

the failure, and the default cannot be excused under federal law.

B. <u>Prejudice</u>

Even if Mr. Goldberg could have demonstrated excusable cause for his failure to timely raise the lack-of-notice issue, he has not offered any evidence of actual prejudice caused by the incomplete notice. "Prejudice" requires a showing that errors at trial "worked to the actual and substantial disadvantage [of Petitioner] infecting his entire trial with error of constitutional dimensions." *U. S. v. Frady*, 456 U.S. 152, 168, 102 S. Ct. 1584 (1982).  Mr. Goldberg generally argues only that he was provided insufficient notice, and that, in and of itself, equates to prejudice. This misses the point of the "prejudice" requirement, however.  Prejudice requires not only that an error was made, but that there is a reasonable basis for believing that the error actually altered the outcome of the case.

Therefore, even if we accept that Mr. Goldberg was not notified of the allegations of suborning perjury through witness testimony in each of the three cases at issue, in order to satisfy the prejudice requirement, he must show that he would have done something differently to defend his case, and that this change would have affected the sentence he received in each case. He has offered absolutely no evidence to this effect. Mr. Goldberg asserts that the deficiencies in notice precluded him from obtaining a criminal lawyer for his defense, and prevented him from "adequately preparing to defend the allegations, to rebut the evidence, to present evidence and provide testimony." (ECF # 89, p. 11). However, he offers absolutely no evidence, or even an unsupported allegation, as to what a criminal lawyer would have done differently (compared to the civil lawyer who actually represented him), how he would have defended against the unnoticed

allegations, how he would have rebutted the evidence presented against him, what evidence he would have presented in his own defense, or what testimony he would have provided has he received proper notice.  Further, Mr. Goldberg has offered no evidence to show that there is a reasonable probability that his sentences would have been different if he had been given notice of the additional charge of attempting to suborn perjury through witness testimony.

Mr. Goldberg was properly notified and found in contempt for the following actions and omissions: (1) for violating a court order to pay $150,000 in settlement proceeds to the estate in the *Mercurio* case ; (2) for violating a court order to immediately pay over $224,854.20 improperly withheld in connection with the estate in the *Williams* case ; (3) for violating a court order to disgorge and repay over $750,158.34 (including his attorney fees)  in connection with the *Hunter* estate.  A finding of contempt on the noticed charges would have been sufficient to support the 180 day sentences he received in each case, and  there is no evidence that the added charges substantially affected his overall sentence in any of these three cases.  In short, prejudice does not follow ipso facto from the discovery of an error at trial (even an error of potentially constitutional proportion).   Mr. Goldberg has presented no allegations or evidence of any actual changes he would have made in his defense had he received proper notice of all of the charges, and he has offered no evidence that would even suggest that his sentences would have been less severe absent consideration of the charges for suborning perjury through  witness testimony.  Therefore, he has not met his burden of showing any actual prejudice arising from the alleged lack-of-notice relating to the additional findings listed in the contempt orders at issue.

## **CONCLUSION**

For the reasons set forth above, the Court finds that Mr. Goldberg has not established sufficient cause and prejudice to excuse the procedural default that bars his claim for lack-of notice. Mr. Goldberg's request for Writ of Habeas Corpus (ECF # 1), is, therefore, DENIED. The Order commanding the Mahoning County Probate Court to vacate Mr. Goldberg's sentences (ECF #73) is rescinded, and Mr. Goldberg is ordered to immediately self-surrender to the Mahoning County Sheriff for the completion of his remaining sentence in the underlying case.

IT IS SO ORDERED.

    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  March 10, 2011