UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD GOLDBERG, | ) | CASE NO. 4:03 CV 2190 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| HONORABLE TIMOTHY P. | ) | |
| MALONEY, Judge, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

    This matter comes before the Court upon Petitioner, Richard Goldberg's Emergency Motion for Stay (ECF #98), and Petitioner's Motion for Reconsideration and Request for an Evidentiary Hearing. (ECF #97). Mr. Goldberg claims that the Court erred in holding that he did not demonstrate cause and prejudice for his procedural default because it did not permit him to introduce evidence to support his position. Further, Mr. Goldberg argues that the Court improperly ignored the law of the case when it determined that his claim for ineffective assistance of counsel was also procedurally defaulted.

    The Court made clear in its opinion that Mr. Goldberg failed, not just to produce evidence of prejudice, but to even assert or allege the existence of evidence to support his claim of prejudice.

The Court is not required to order an evidentiary hearing every time a petitioner makes a bald assertion of prejudice. Yet this is all Mr. Goldberg provided. Mr. Goldberg did not allege that he would have done anything differently to defend his case, or otherwise claim to have any evidence that would demonstrate prejudice. Therefore, his petition did not support a finding of prejudice, or merit any additional inquiry into the matter.

Further, even though the Court did opine that Mr. Goldberg's ineffective assistance of counsel claim would be procedurally defaulted if it were presented to the Ohio Court of Appeals at this late date, the actual holding of the Court was that Mr. Goldberg failed to exhaust his state court remedies with regard to this issue. This does not conflict with the prior statement of the District Court that "the issue was properly presented to the Ohio Supreme Court on direct appeal at the earliest opportunity." Under Ohio law, a claim of ineffective assistance of counsel may be presented for the first time to the Ohio Supreme Court if the petitioner was represented by the same counsel at trial and on appeal. However, as set forth in this Court's prior Opinion, an appeal to the Ohio Supreme Court that is denied without a review on the merits, does not preclude the petitioner from filing a request to re-open the appeal in the state Court of Appeals under Ohio App. R. 26(b). In addition, Ohio law requires a petitioner to present the issue in this manner in a timely fashion in order to avoid a procedural default. Having failed to file an Ohio App. R. 26(b) motion, Mr. Goldberg has not exhausted his state court remedies, and has undoubtedly procedurally defaulted his claim because the time for filing such a petition has passed. Therefore, even though he may have filed an appeal to the Ohio Supreme Court at his earliest opportunity to do so, he has still procedurally defaulted by failing to timely file an appeal through *all* appropriate means as required under Ohio law.

For these reasons, Mr. Goldberg's Motion for Reconsideration and Request for An Evidentiary Hearing is DENIED. (ECF #97). As Mr. Goldberg's Motion for Reconsideration is now resolved, the Court sees no reason to grant a stay of the execution of judgment of the Court's Order. Therefore, Mr. Goldberg's Emergency Motion for Stay is also DENIED. (ECF #98). IT IS SO ORDERED.

                                                /s/ Donald C. Nugent  
                                                DONALD C. NUGENT  
                                              United States District Judge

DATED: March 16, 2011